**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

BRUCE ALAN WOOTEN                                                    PLAINTIFF

v.                                          CIVIL ACTION NO. 1:19-cv-340-KS-MTP

RICHARD C. SMITH, ET AL.                                            DEFENDANTS

<u>**REPORT AND RECOMMENDATION**</u>

THIS MATTER is before the Court *sua sponte* upon Plaintiff's failure to prosecute this action and failure to comply with an order of this Court. Having considered the record and the applicable law, the undersigned recommends that the remaining Defendant, Richard Smith, be dismissed without prejudice.

On June 24, 2019, Plaintiff filed this action, naming as Defendants Richard Smith, Hugh Keating, Luke Wilson, Faith Peterson, Herman Cox, James Lagassee, Jonathan Clark, Dustin Uselton, Jeff Bruni, Leonard Papania, Troy Peterson, and Scott Gibson. *See* Complaint [1]. On October 5, 2019, Plaintiff's counsel, Adrienne Parker, filed a Motion to Withdraw as Counsel [6]. Plaintiff filed a Response [11] with the aid of his new counsel, Charles Irvin. In the Response [11], Plaintiff requested additional time to serve three of the Defendants: Faith Peterson, Richard Smith, and Luke Wilson.

On October 24, 2019, the Court granted the Motion to Withdraw [6] and directed Plaintiff to "serve all the Defendants **and** file proof of service thereof by **November 25, 2019**." *See* Order [13] (emphasis in original). Plaintiff has not filed a proof of service indicating he served Smith as ordered, nor has Smith filed a responsive pleading or otherwise appeared in this action.

By November 19, 2019, all Defendants—except for Richard Smith—had filed Motions to Dismiss [14] [16] [25] [27] [29] [32] [34] [41].  On April 13, 2020, the Court granted these Motions and dismissed Plaintiff's claims against all Defendants, save Smith. *See* Order [57].

Fed. R. Civ. P. 4(m) states that "[i]f a defendant is not served within 90 days after the compliant is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Additionally, pursuant to Fed. R. Civ. P. 41(b), a trial court has discretionary authority to dismiss an action *sua sponte* for the plaintiff's failure to prosecute or comply with any order of the court. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998).  The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to . . . clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 629-31; *see also Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (discussing trial court's Rule 41(b) discretionary authority).

Plaintiff filed this action on June 24, 2019.  Plaintiff failed to serve Defendant Smith within 90 days as required by Fed. R. Civ. P. 4.  The Court then granted Plaintiff an extension of time and ordered Plaintiff to serve Defendant Smith by November 25, 2019.  To date, Plaintiff has failed to serve Defendant Smith or otherwise prosecute this case against Smith.

## RECOMMENDATION

As Plaintiff has failed in his obligation to prosecute this action and to comply with the Court's order, the undersigned recommends that this action be DISMISSED against Richard Smith without prejudice pursuant to Federal Rule of Civil Procedure 4(m) and 41(b).

**NOTICE OF RIGHT TO OBJECT**

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party.  The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 16th day of April, 2020.

s/ Michael T. Parker
                United States Magistrate Judge