## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**BRUCE ALAN WOOTEN**                                              **PLAINTIFF**

**v.**                                        **CIVIL ACTION NO. 1:19-CV-340-KS-MTP**

**RICHARD C. SMITH,** *et al.*                                   **DEFENDANTS**

### O<small>RDER</small>

For the reasons provided below, the Court **denies** Plaintiff's Motion for Reconsideration [59] and **denies as moot** Plaintiff's Motions to Strike [67, 68, 69, 70] and Defendants' Motions for Permission to File [74, 75, 76].

### A.    *Background & Miscellaneous Motions*

On April 13, 2020, the Court entered a Memorandum Opinion and Order [57] granting Motions to Dismiss [14, 16, 25, 27, 29, 32, 34, 41] filed by Defendants Herman Cox, James Lagasse, Jeff Bruni, Leonard Papania, Dustin Uselton, Luke Wilson, Troy Peterson, Hugh Keating, and Faith Peterson. On April 30, 2020, Plaintiff filed a Motion for Reconsideration [59].

Several weeks later, Defendants filed responses [63, 64, 65, 66] to the Motion for Reconsideration. Plaintiff promptly filed Motions to Strike [67, 68, 69, 70] the responses as untimely. Defendants opposed [71, 72, 73] the Motions to Strike, and they filed Motions for Permission to File [74, 75, 76] their responses to the Motion for Reconsideration out-of-time.

The Court need not consider Defendants' responses [63, 64, 65, 66] to address

Plaintiff's Motion for Reconsideration [59]. Therefore, the Court **denies** the following motions **as moot**: Plaintiff's Motions to Strike [67, 68, 69, 70], and Defendants' Motions for Permission to File [74, 75, 76].

### B.   *Motion for Reconsideration [59]*

"A motion asking the court to reconsider a prior ruling is evaluated either as a motion . . . under Rule 59(e) or . . . under Rule 60(b). The rule under which the motion is considered is based on when the motion is filed. If the motion is filed within twenty-eight days after the entry of judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n. 2 (5th Cir. 2012). Plaintiff's motion was filed within twenty-eight days of the Court's previous opinion, and Rule 59(e) applies.

"A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). There are three grounds for altering a judgment under Rule 59(e): "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *Williamson Pounders Architects, P.C. v. Tunica County*, 681 F. Supp. 2d 766, 767 (N.D. Miss. 2008). Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment," *Templet*, 367 F.3d at 478, and they "should not be used to . . . re-urge matters that have already been

advanced by a party." *Nationalist Movement v. Town of Jena*, 321 F. App'x 359, 364 (5th Cir. 2009). It is "an extraordinary remedy that should be used sparingly." *Id.* Before filing a Rule 59(e) motion, a party "should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement" with the Court. *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990).

Plaintiff apparently argues that the Court should reconsider its prior opinion because there is new evidence that was not previously available. Plaintiff's briefing on the motion contains numerous representations of fact that were not pled in Plaintiff's Second Amended Complaint. Plaintiff also filed an assortment of documents [61, 62] weeks after he had filed his Motion for Reconsideration [59], apparently in support of the motion.

None of the evidence filed by Plaintiff is relevant to the basis of the Court's decision because when ruling on a motion to dismiss, the Court considers only the allegations of the operative pleading – in this case, the Second Amended Complaint. Likewise, the Court may not consider Plaintiff's representations in briefing. When addressing a motion to dismiss under Rule 12(b)(6), the Court is generally confined to the allegations of the operative pleading. *See, e.g. Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010); *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010).

Regardless, even if the Court could consider matters outside the Second

Amended Complaint, Plaintiff must demonstrate that his "new evidence" was previously unavailable. *Powers v. Northside Indep. Sch. Dist.*, 951 F.3d 298, 309 (5th Cir. 2020). "A motion to alter or amend the judgment under Rule 59(e) . . . cannot be used to raise arguments which could, and should have been made before the judgment issued," *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003), and a litigant "cannot relitigate [an] issue by subsequently creating new evidence." *Powers*, 951 F.3d at 309. Plaintiff has not demonstrated that any of the materials he submitted in support of his Motion for Reconsideration [59] were previously unavailable to him.

Plaintiff may contend that the Court should reconsider its decision to correct a clear error of law or prevent manifest injustice. But Plaintiff has not demonstrated – or even clearly argued – that the Court's decision was erroneous in light of the factual allegations before it. Moreover, Plaintiff has not sought leave to amend (for a third time) and assert additional factual allegations.

For these reasons, the Court **denies** Plaintiff's Motion for Reconsideration [59].

SO ORDERED AND ADJUDGED this 1st day of July, 2020.

/s/   Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE
